UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel MARTINEZ–RODRIGUEZ, Defendant–Appellant.

No. 99–10584.

D.C. No. CR–99–00786–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2000.

Decided Jan. 9, 2001.

clearly stated that the opinion did not address    what evidence would be admissible at trial.

Before SCHROEDER, BEEZER, and PAEZ, Circuit Judges.

### MEMORANDUM[1]

Manuel Martinez–Rodriguez appeals from his sentence imposed after he pleaded guilty to violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). His sentence included a sentence of imprisonment of 63 months which he claims was imposed in violation of the terms of the plea agreement.

The government agrees that the sentence was not in accordance with the terms of the agreement. It takes the position that if the district court accepted the plea agreement, it should not have imposed this sentence. The government contends, however, that the district court may have rejected the agreement and imposed this sentence instead. We agree with the government that on the basis of this record, it is not clear whether the district court accepted the agreement. We therefore remand for the district court to determine whether it accepted or rejected the agreement, and if the latter, to reinstate the indictment and permit defendant to withdraw his plea. If the district court accepted the plea agreement, then the parties agree the sentence was not in accordance with the agreement, and the court should resentence in accordance with the agreement.

In this case, the district court entered a judgment of conviction for both 8 U.S.C. §§ 1326(a) and 1326(b)(2). After the district court's judgment, we held that it was improper for a district court to enter a judgment of conviction for both §§ 1326(a) and 1326(b)(2), because the Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), ruled that § 1326(b)(2) is a penalty provision and does not define a separate punishable offense. *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir.2000). We follow the procedure prescribed by *Rivera–Sanchez* in directing the district court, on remand, to enter a corrected judgment striking the reference to § 1326(b)(2) so that the judgment will unambiguously reflect that the defendant was convicted of only one punishable offense pursuant to § 1326(a).

SENTENCE VACATED AND REMANDED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.